**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| DORMAN PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> U.S. ALUMINUM EXTRUDERS COALITION, ET AL., <br><br> Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge <br> Court No. 24-00236, et al. |
| DORMAN PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> U.S. ALUMINUM EXTRUDERS COALITION, ET AL., <br><br> Defendant-Intervenors. | Before: Mark A. Barnett, Chief Judge <br> Court No. 24-00237, et al. |

**ORDER**

Various plaintiffs (collectively, "Plaintiffs") commenced a total of 18 cases challenging a U.S. Department of Commerce ("Commerce") scope determination in antidumping ("AD") and countervailing duty ("CVD") investigations of aluminum extrusions from the People's Republic of China ("China"). Nine of those 18 cases involve the AD determination in *Aluminum Extrusions from the People's Republic of*

Court Nos. 24-00236, 24-00237, et al.                                                                 Page 2

*China*, 89 Fed. Reg. 80,506 (Dep't Commerce Oct. 3, 2024) (final aff. determination of sales at less than fair value);[1] nine involve the CVD determination in *Aluminum Extrusions from the People's Republic of China*, 89 Fed. Reg. 80,526 (Dep't Commerce Oct. 3, 2024) (final aff. [CVD] determination).[2]  Plaintiffs seek to consolidate all 18 cases and stay them behind the U.S. Court of International Trade action ("USCIT") involving the U.S. International Trade Commission's ("ITC") negative injury determination with respect to China (among other countries): *U.S. Aluminum Extruders Coal. v. United States*, USCIT Court No. 24-cv-00209 (filed Nov. 26, 2024).  *See* Consent Mot. to Consol. and to Stay Proceedings ("Mot."), ECF No. 21.[3]  The motion has the consent of all parties.  *See id.* at 8.

    Regarding consolidation, while the issues concerning scope may be largely identical, the AD and CVD cases involve different legal authorities, different administrative records, and different published determinations.  Accordingly, the court will grant the motion to consolidate in part and deny the motion in part.  The court will consolidate the nine AD cases under lead Court No. 24-00236 and will consolidate the nine CVD cases under lead Court No. 24-00237.  The court will consider adopting

---

[1] The nine cases contesting Commerce's AD determination and reflected by the first court caption are: 24-00236, 24-00239, 24-00242, 24-00245, 24-00248, 24-00250, 24-00253, 24-00256, and 24-00258.
[2] The nine cases contesting Commerce's CVD determination and reflected by the second court caption are: 24-00237, 24-00240, 24-00244, 24-00246, 24-00249, 24-00252, 24-00254, 24-00257, and 24-00259.
[3] The court cites to the motion filed in Court No. 24-00236, though Plaintiffs filed an identical motion in all 18 cases.

Court Nos. 24-00236, 24-00237, et al.                                                    Page 3

additional case management procedures in the future if they would benefit the efficient disposition of these actions.

Regarding the motion to stay, Plaintiffs seek a stay pending a final decision in Court No. 24-00209, including all remands and appeals. Mot. at 5, 8; *see also id.* (proposed order at 5). Whether to grant or deny a stay rests "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). "[A] stay of indefinite duration," such as the one requested here, requires Plaintiffs to demonstrate a "pressing need for the stay," which must be balanced against "the court's paramount obligation to exercise jurisdiction timely in cases properly before it." *Id.*; *cf.* USCIT Rule 1 (the court's rules aim "to secure the just, speedy, and inexpensive determination of every action and proceeding").

While the court is mindful that final disposition of Court No. 24-00209 may moot these actions if the ITC's negative injury determination is upheld, the potential for a lengthy stay in the event of one or more remands or appeals favors granting the motion in part and denying the motion in part. The court will stay each lead case pending the USCIT's first opinion on the merits in Court No. 24-00209, with a status report to be filed within 30 days thereafter setting forth the parties' positions as to whether the stay should be continued or other action taken. Defendant must file the administrative record associated with each lead case by its current deadline notwithstanding the stay.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion to consolidate and to stay proceedings is **GRANTED IN PART** and **DENIED IN PART** as follows:

Court Nos. 24-00236, 24-00237, et al.                                                Page 4

1. Court Nos. 24-00236, 24-00239, 24-00242, 24-00245, 24-00248, 24-00250, 24-00253, 24-00256, and 24-00258 are **CONSOLIDATED** under lead Court No. 24-00236;

2. Court Nos. 24-00237, 24-00240, 24-00244, 24-00246, 24-00249, 24-00252, 24-00254, 24-00257, and 24-00259 are **CONSOLIDATED** under lead Court No. 24-00237;

3. Lead Court Nos. 24-00236 and 24-00237 are **STAYED** until 30 days after an opinion on the merits in Court No. 24-00209, by which date the parties to both actions shall file a joint status report stating their respective positions as to whether the stay should be continued or, if further stay is not warranted, their respective positions on how to proceed with these actions; and

4. Notwithstanding the stay, Defendant shall file the administrative record associated with lead Court Nos. 24-00236 and 24-00237 by the current February 24, 2025, deadline.

                                                                    /s/     Mark A. Barnett
                                                            Mark A. Barnett, Chief Judge

Dated: February 20, 2025
         New York, New York